# CIRCUIT COURT OF LOUDOUN COUNTY

Armand Della Monica
and Joyce Lawlor Della Monica

v.

Elaine Day Hottel,
Trustee, et al.

May 24, 2004

Case No. (Chancery) 23131

BY JUDGE THOMAS D. HORNE

Weichert Company of Virginia, Inc., t/a Weichert Realtors, has demurred to the instant Amended Bill of Complaint. In their Amended Bill, plaintiffs seek, *inter alia*, to recover damages for the alleged negligence of Weichert in connection with the attempted purchase of real property through a Lot Reservation Agreement. Recovery is sought against Weichert based upon theories of common law negligence and alleged violations of the provisions of Va. Code Ann. §§ 54.1-2131 and 54.1-2132.

In evaluating the sufficiency of the Amended Bill of Complaint, the Court on demurrer may only consider facts set out in the pleadings and those that may be reasonably implied or inferred from such stated facts. *Ward's Equip., Inc. v. New Holland North America, Inc.*, 254 Va. 379 (1997).

Weichert is a Virginia Corporation with its principal place of business in Morris Plains, New Jersey. It is asserted that Ms. Frankie Adamson, an employee of Weichert, acted as agent for the plaintiffs in the purchase of the subject property. Weichert and Ms. Adamson, as licensees of the Virginia Real Estate Board, were required to adhere to the statutory standards required of real estate salespersons and brokers. Va. Code Ann. § 54.1-2132.

The Court, in ruling upon Weichert's earlier demurrer, noted that the legislative changes enacted in 1995 served to limit the plaintiffs' right to recover against their agent and licensee predicated upon a theory of a breach of fiduciary duty. It was observed that the following statutory provisions circumscribe their right to recover against a licensee such as Weichert upon such theory: "[t]he common law of agency relative to brokerage relationships in real estate transactions to the extent inconsistent with this article shall be expressly abrogated." Va. Code Ann. § 54.1-2144.

> Except as expressly set forth in this section, nothing in this article shall affect a person's right to rescind a real estate transaction or limit the liability of (i) a client in connection with a real estate transaction, or (ii) a licensee for the misrepresentation, negligence, gross negligence, or intentional acts of such licensee in connection with a real estate transaction.

Va. Code Ann. § 54.1-2142(E).

Plaintiffs' have now restated their earlier breach of fiduciary duty claim as one predicated upon negligence.

While Weichert and its agents must conform their conduct to certain statutory duties, the statute does not serve as a basis for an independent civil action by a buyer. Nothing in the statute's regulation of a licensee's conduct manifests a legislative intent to create such an action. Instead, breaches of statutory duties (*per se* claims), along with common law duties, would support recovery in damages for negligence.

Any duties owed by Weichert to the plaintiffs have their being in the agreement of agency but are imposed by both the express terms of the contract and by law. To the extent imposed by law, plaintiffs may recover in tort for damages that proximately result from a failure by the defendant to conform its conduct to the standard of care imposed upon agents by statute and common law. Va. Code Ann. § 54.1-2132. The most recent commentary on the issue of negligence *per se* is to be found in *O'Neill v. Windshire-Copeland Associates, L.P.*, 267 Va. 605 (2004).

In commenting upon the statutory obligations of a licensee mandated by the General Assembly, the Supreme Court has observed:

> Code § 54.1-2131 requires licensed realtors to "perform in accordance with the terms of the brokerage relationship" and to "[e]xercise ordinary care." Moreover, in adopting statutory guidelines for the conduct of realtors, the General Assembly has

provided that "[t]he common law of agency relative to brokerage relationships in real estate transactions to the extent inconsistent with this article shall be expressly abrogated." Code § 54.1-2144.

We are of the opinion that the existence of this statutory duty and standard of care does not dictate that a trier of fact must always require expert assistance to understand the appropriate practices of licensed realtors. . . .

*Polyzos v. Contrupi*, 264 Va. 116 (2002).

Thus, licensees in the performance of the terms of the brokerage relationship are bound to the standard of ordinary care. For example, realtors are guilty of negligence if they offer for sale property they are not contractually authorized to sell or present to a client a contract that clearly fails to sufficiently reflect the accurate legal description of the property to be conveyed. Furthermore, it is a breach of the agency contract for an agent to offer for sale and procure a buyer for property that exceeds his authority to sell. *Id.* at 123.

It is alleged that the defendant acting through its agents and employees, violated the standard of care owed plaintiffs by failing to fulfill its duties or obligations or exercise good faith when it did not disclose to them the status of the subdivision process for the property, including the sale of the property to one of the defendants; by failing to exercise good faith to the plaintiffs when it did not remain informed of the subdivision approval process important to the contract; by failing to disclose material facts in a timely manner to the plaintiffs when it did not inform them of the purchase of the property by one of the defendants; by failing to exercise ordinary care when it failed to remain informed of the progress of the subdivision approval; and by failing to disclose material facts and exercise ordinary care. Among the duties imposed upon a licensee engaged by a buyer are the disclosure of material facts relating to the property or concerning the transaction of which the licensee has actual knowledge and the exercise of ordinary care. *Id.*

While, by statute, knowledge or information among or between clients and licensees may not be imputed, this limitation does not diminish the licensee's being charged with those facts known to it or, in the exercise of ordinary care, would have been known to it where such knowledge is important to a determination of the issue of negligence.

The issue of causation is not one that can be resolved on demurrer.

The Court concludes that the instant pleadings sufficiently state a cause of action for negligence of Weichert and that the demurrer should be overruled. To the extent Count V seeks to recover damages based upon a statutory

claim for a violation of the Virginia Code, the demurrer will be sustained. The demurrer to the claim for attorney's fees set forth in Count V will be sustained, as the claim is one predicated upon negligence and no support is alleged in the alleged contract of agency.