## CIRCUIT COURT OF THE CITY OF NORFOLK

Megan Winesett

v.

Lisa Edwards-Soblotne *et al.*

May 21, 2015

Case No. CL14-6964

BY JUDGE MARY JANE HALL

The matter comes before the Court on Defendants' Demurrer to Counts II and III. For the reasons stated herein, the Demurrer is overruled.

### Background

Plaintiff, the purchaser of a single-family residence, asserts in Count II that the real estate agent for the seller failed to disclose to her known material adverse facts pertaining to the physical condition of the property in violation of Virginia Code § 54.1-2131. In Count III, she asserts a similar claim against her real estate agent (Buyer's agent), alleging that the agent failed to disclose known material adverse facts in violation of Virginia Code § 54.1-2132(A)(6) and § 54.1-2132(B).

Defendants argue in their Demurrer that the statute cited in the Complaint, the Real Estate Brokers Act, Virginia Code § 54.1-2100 *et seq.* (the "Act"), does not provide for any private right of action for its violation. They contend that any non-compliance with the Act may be addressed only by administrative proceedings by the governing state agency.

### Discussion

Defendants rely on *Allen v. Lindstrom*, 237 Va. 489 (1989), a case that did *not* allege violations of the Act and is, therefore, neither relevant nor controlling, and *Della Monica v. Hottel*, 64 Va. Cir. 439 (Loudoun 2004). In *Della Monica*, interpreting the Act, Judge Horne ruled: "[T]he statute does not serve as a basis for an independent civil action by a buyer. Nothing in the statute's regulation of a licensee's conduct manifests a legislative intent to create such an action. Instead, breaches of statutory duties (*per se* claims), along with common law duties, would support recovery in damages for

negligence." Judge Horne construed the plaintiff's claims to state a cause of action for negligence, with the Act supplying the applicable standard of care that governs real estate agents.

Plaintiff relies upon *Walton v. Aquilar*, Case No. 2010-106 (Charlottesville 2010),[1] in which Judge Hogshire recognized a cause of action for breach of the statutory duty to disclose material adverse facts as required by the Act:

> The purpose of § 54.1-2131(B) is to ensure that real estate licensees exercise certain duties with respect to the sellers they represent and "treat all prospective buyers honestly" and with full disclosure. The statute was enacted to protect the public from fraud by licensees; as such, it is a remedial statute and should be liberally construed to prohibit harms that, while not specifically addressed, are within the spirit and purpose of the legislation. *Fitzhugh v. Anderson*, 12 Va. (2 Hen. & M.) 289 (1808); *City of Richmond v. Richmond Metro. Auth.*, 210 Va. 645 (1976); *see also* 17 M.J., *Statutes*, § 72 (2009).

Slip op. at 3. The Court held, "In the light most favorable to Plaintiffs and taking as true all the facts set forth in the Complaint and attached Exhibits, Plaintiffs have sufficiently pleaded a breach of the statutory duty to disclose material adverse facts as required by Virginia Code § 54.1-2131(B).

Counsel in this case have not cited or argued the section of the Act that the Court considers to control this question, § 54.1-2142.1, titled "Liability for false information":

> A licensee shall not be liable for providing false information if the information was (i) provided to the licensee by the licensee's client; (ii) obtained from a governmental entity; (iii) obtained from a nongovernmental person or entity that obtained the information from a governmental entity; or (iv) obtained from a person licensed, certified, or registered to provide professional services in the Commonwealth, upon which the licensee relies, and the licensee did not (a) have actual knowledge that the information was false; or (b) act in reckless disregard of the truth. *This includes any regulatory action brought under the chapter and any civil action filed.*

That the General Assembly enumerated the instances in which a real estate agent would not be liable for providing false information confirms that it clearly intended the statute to provide a basis for liability under other circumstances. Defense counsel's assertion that administrative sanctions are the only redress for statutory violations is clearly inconsistent with this section's reference to regulatory actions "*and*" civil actions filed.

---

[1] This opinion is printed below at page 482.

Construing the Complaint in the light most favorable to Plaintiff, and providing the liberal construction of the statute that is required of remedial statutes, the Court rules that Counts II and III state a cause of action for statutory breaches. Accordingly, the Demurrers to those two counts are overruled.